UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER CASTRO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CALICRAFT DISTRIBUTORS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-05226-RS<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH LEAVE TO AMEND** |

　　　　This action arises in the context of the dissolution of a business relationship between former plaintiff Heather Castro and defendant Amy Barr, who jointly formed and operated defendant Calicraft Distributors, LLC, a distributor of so-called "craft" beers. In 2014, Ms. Castro elected to withdraw from the business and the LLC, to spend more time with her infant child. A controversy then arose regarding Calicraft's rights to continued use of a software program known as CELR, that had been developed by Heather Castro's husband and co-plaintiff, JP Castro. In this action, JP Castro asserts copyright, trademark, and unfair competition claims arising from Calicraft's ongoing use of CELR and/or a "derivative" referred to as "Virtual CELR."

　　　　Heather Castro has dismissed all of her claims in this action, in light of a pending case in state court addressing those matters. Defendants' motion to dismiss the remaining claims advanced by JP Castro has been submitted without oral argument, pursuant to Civil Local Rule 7-1(b). The motion will be granted, with leave to amend.

1. Copyright

Rule 8 of the Federal Rules of Civil Procedure provides that to state a claim, a pleading must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The first part of this requirement—"a short and plain statement of the claim"—cannot be read without reference to the second part —"showing that the pleader is entitled to relief." The Supreme Court has made clear that while "showing" an entitlement to relief does not require "detailed factual allegations," it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' [citation.] Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

The *Iqbal* court explained that the *Twombly* decision rested on two separate "working principles."

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-50.

The second principle of *Twombly* is that even where a complaint pleads more than legal conclusions, it still may not be sufficient.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id*. at 1950.

Here, JP Castro has pleaded that (1) he is the owner of the registered copyright in CELR, an original work of authorship, and (2) defendants are continuing to use an "unauthorized copy" of CELR, including a derivative version created by defendants, "Virtual CELR." Standing alone, such allegations might suffice to state a claim for copyright infringement. *See generally*, *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) ("a plaintiff who claims copyright infringement must show: (1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act."). Read in the context of the presently-pleaded allegations of the complaint, however, it is apparent that JP Castro granted defendants a royalty-free license to use CELR, and that his theory of infringement depends on the existence of conditions attached to that license that cause it to be no longer in force.

While the complaint asserts the term of the license was limited to the time in which Heather Castro continued to be employed by Calicraft, there are no allegations that such a limitation was communicated to defendants, nor are there other allegations of fact sufficient to explain how such a term was incorporated in the license, either expressly or by implication. *Cf. Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 757 (9th Cir. 2008)(finding *post hoc* statement of intent to limit license term insufficient in light of "all other objective manifestations of intent to grant [defendant] an unlimited license.") Additionally, in correspondence attached as an exhibit to the complaint, counsel for Heather Castro (now representing JP Castro) expressly characterized the license as a "*perpetual* royalty-free license." See Dkt. No. 21-3, ECF p. 68 (emphasis added).

Ordinarily, a license is a defense to copyright infringement, such that the burden of pleading and proving its existence and scope falls to the defendant. Because the existence of the defense appears on the face of the complaint, however, plaintiff must plead facts showing his claim is nonetheless plausible. Whether plaintiff will be able to do so, remains to be seen. While neither the *Gagnon* decision nor counsel's apparent concession that the license was "perpetual" is

dispositive, both represent substantial hurdles. Plaintiff must plead, in good faith, facts showing either that a limitation of the term of the license was expressly communicated to defendants or that there are sufficient "objective manifestations of intent" to infer such a limitation. Defendants should bear in mind, however, that plaintiff need not prove his case at the pleading stage. As such, a final resolution of this highly fact-dependent issue may not be possible through further challenges to the pleading, in the event plaintiff is able to provide at least some meaningful allegations of fact supporting his claim that license term was intended to be co-extensive with Heather Castro's employment. The claim for copyright infringement is dismissed, with leave to amend.

2. Trademark

JP Castro contends that defendants have used the CELR trademark, and the allegedly confusingly-similar mark "Virtual CELR" in derogation of his rights under common law and the Lanham Act. The complaint includes conclusory assertions that defendants are using the marks "in interstate commerce" and in a manner "confusing to the public." As defendants point out, however, CELR is alleged in the complaint to be a software product for use in the management of the business. While plaintiff's opposition brief asserts that defendants' "use of CELR was communicated to [Calicraft's] customers," such facts are not alleged, nor reasonably inferable, from the present averments of the complaint. Accordingly, the trademark claim is dismissed, with leave to amend.[1]

---

[1] Relying on *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, (2003) and *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008) defendants further argue that plaintiff cannot allege both copyright and Lanham Act claims. At least at this juncture, however, defendants have failed to show how there is a conflict between the scope of plaintiff's trademark claims and copyright law. *See Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156 (N.D. Cal. 2015) (explaining that while *Dastar* and *Sybersound* each rejected Lanham Act claims that would *circumvent* copyright law, "the Court is not persuaded that Plaintiff's Lanham Act claims are precluded merely because Plaintiff also alleges copyright infringement.")

3. Unfair Competition

Plaintiff has presently failed to show a basis for pursuing a claim under an unfair competition theory that would not either be preempted by, or duplicative of, his copyright and Lanham Act claims.  The claim is therefore dismissed.  While plaintiff may amend the claim if he has a good faith basis to do so, he should carefully consider whether a separate count is viable.

4. Attorney fees and punitive damages

In light of the dismissal of the claims for relief, defendants' separate challenge to the prayer for attorney fees and punitive damages is moot.  In any amended complaint, however, plaintiff should reassert such claims only in the event there is a factual basis to do so.

The motion to dismiss is granted.  Any amended complaint shall be filed within 20 days of the date of this order.  The Case Management Conference is continued to October 1, 2015.

**IT IS SO ORDERED**.

Dated: August 25, 2015

_____
RICHARD SEEBORG
United States District Judge