UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEAN-PHILIPPE CASTRO,

  Plaintiff,

v.

CALICRAFT DISTRIBUTORS, LLC, et al.,

  Defendants.

Case No. 14-cv-05226-RS

**ORDER DENYING MOTION TO DISMISS AND STRIKING PRAYER FOR ATTORNEY FEES**

## I.   INTRODUCTION

This action concerns the use of a software program known as CELR by defendants Amy Barr, Chris Barr, and Calicraft Distributors LLC (collectively "Calicraft"). Plaintiff Jean-Philippe Castro developed and copyrighted CELR, and has applied for trademark registration of the CELR mark. Castro's second amend complaint ("SAC") seeks to recover damages and to enjoin Calicraft from infringing on the CELR copyright and trademark. Calicraft's motion to dismiss has been submitted without oral argument pursuant to Local Rule 7-1(b). For the reasons discussed below the motion will be denied. Castro's prayer for attorney fees, however, will be stricken. Calicraft shall file an answer to the complaint within 20 days from the date of this order.

## II.   BACKGROUND

Castro's first amended complaint ("FAC") alleged Calicraft possessed a royalty-free license to use CELR contingent upon the continued association of Castro's wife, Heather Castro,

with Calicraft. In 2014, Ms. Castro ended her employment and withdrew from the LLC. The FAC alleged Calicraft has continued to use the CELR trademark and/or a "derivative" "VIRTUAL CELR" in derogation of Castro's rights under common law and the Lanham Act. The FAC was dismissed because Castro failed to plead facts sufficient to show (1) how Ms. Castro's continued association with Calicraft was incorporated into the license as a condition, either expressly or by implication and (2) how Calicraft's use of CELR as a trademark was communicated to customers. Castro filed a SAC and Calicraft moved to dismiss.

### III.   LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly,* 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim."

*Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555 ("threadbare recitals of the elements of the claim for relief, supported by mere conclusory statements," are not taken as true).

### IV. DISCUSSION

1. Copyright

To prevail on a claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *See generally*, *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004). A license is traditionally a defense to copyright infringement; however, when a license is pleaded on the face of a complaint the burden shifts to the plaintiff to show the claim is nonetheless plausible. To overcome that defense, a plaintiff must establish that he either (1) expressly communicated, or (2) objectively manifested, an intent to limit the license at the time it was granted. *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 755-56 (9th Cir. 2008).

Calicraft argues Castro has not sufficiently pleaded his intention to limit the license of CELR at the point of conveyance to Calicraft. This argument is unavailing. For the purposes of this motion, it is uncontested Castro holds a valid copyright for the CELR software. Castro now specifically alleges that it was the parties' "express agreement" that Calicraft would ultimately purchase a customized version of CELR, and that it was only to use CELR on a royalty-free basis in anticipation of that purchase. The SAC has also added an allegation that Calicraft acknowledged it owed Castro money for CELR, but asked that the payment be deferred. The purchase was never consummated.

During discussions regarding Ms. Castro's departure from the business, Calicraft allegedly continued to acknowledge that payment for CELR was owed, but argued it could not yet afford the expense. The SAC asserts that Calicraft evaluated software alternatives in anticipation of the termination of the license. Accordingly, the SAC alleges, when Ms. Castro departed Calicraft, and it failed to purchase CELR, the license terminated. These facts, taken in the light most favorable to the plaintiff, are sufficient to show that the license granted to Calicraft to use CELR was not

unlimited, and that Calicraft understood as much.

2. Trademark

To prevail on a claim for trademark infringement, a plaintiff must show defendant "(1) use[d] in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902 (9th Cir. 2007) (quoting 15 U.S.C. § 1125(a)). The term "use in commerce" connotes use of a distinctive mark to sell goods "other than those produced or authorized by the mark's owner." *Mattel, Inc. v. MCA Records, Inc*., 296 F.3d 894, 903 (9th Cir. 2002). "The core element of trademark infringement is the likelihood of confusion, i.e., whether the similarity of the marks is likely to confuse customers about the source of the products." *E. & J. Gallo Winery v. Gallo Cattle Co*., 967 F.2d 1280, 1290 (9th Cir. 1992). Here, the dispute is whether the SAC sufficiently and plausibly alleges that Calicraft represented to the market it owned CELR and whether any such representation was likely to confuse customers.

Calicraft contends CELR is not used in commerce. Moreover, Calicraft argues Castro can never plead a trademark claim because Calicraft is a beer company and CELR is a software program; they are neither in the same business nor direct competition so the customer bases could never be confused. Calicraft's arguments, at this stage, are misguided. The SAC now asserts Calicraft derived an enhanced reputation for efficiency through the use of CELR. The SAC has added allegations that Calicraft communicated to specific customers it owned CELR and CELR would remain in use, despite Ms. Castro's departure from the company. Additionally, the SAC avers that Calicraft fashioned "VIRTUAL CELR" which is a supposedly similar, yet inferior, version of CELR. The purported inferiority of VIRTUAL CELR may damage CELR if, as Castro suggests, VIRTUAL CELR is confused with CELR. As such, Castro has sufficiently pleaded his trademark claim.

Finally, relying on *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), Calicraft contends Castro's trademark claim is barred because it overlaps into "areas traditionally

1  occupied by . . . copyright." *Id.* at 34. Calicraft argues *Dastar* precludes an "end run" around

2  copyright law and a claim of false ownership is solely a matter of copyright infringement.

3  Calicraft has failed to show, however, that there is a conflict between the scope of Castro's

4  trademark claim and copyright law. *See Luxul Tech. Inc. v. Nectarlux*, LLC, 78 F. Supp. 3d 1156

5  (N.D. Cal. 2015) (explaining that while *Dastar* rejected Lanham Act claims that would circumvent

6  copyright law, trademark claims are not precluded "merely because Plaintiff also alleges

7  copyright infringement."). Here, Castro has pleaded facts that show Calicraft created confusion by

8  marketing a product it falsely purported to own. This factual basis gives rise to both a trademark

9  and a copyright claim.

       3.   <u>Attorney Fees</u>

Under the Copyright Act, attorney fees are not available for "any infringement . . . commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C.A. § 412 (West). An infringement commences when "the first act in a series of acts constituting continuing infringement occurs." *Derek Andrew, Inc. v. Poof Apparel Corp*., 528 F.3d 696, 701 (9th Cir. 2008). Similarly, to recover attorney fees for trademark infringement, a plaintiff must show "exceptional circumstances." U.S.C.A. § 1117 (West); *see also Gracie v. Gracie*, 217 F.3d 10601 1071 (9th Cir. 2000) ("the Lanham Act *permits* . . . an award of attorneys' fees to a prevailing party in exceptional circumstances.") (emphasis original) (internal quotation omitted).

In the Court's August 25 order, Castro was cautioned, "In any amended complaint . . . plaintiff should reassert such [attorney fee] claims only in the event there is a factual basis to do so." In his SAC, Castro has not alleged facts supporting an entitlement to attorney fees for either his trademark or copyright claim. The SAC alleges CELR was made available to the public in March 2012. The alleged copyright infringement commenced after Ms. Castro terminated her relationship with Calicraft in June 2014. Thereafter, the SAC asserts Calicraft continued to infringe on Castro's copyrights for "eleven months." Therefore, the alleged infringement would have commenced after the first publication and the registration did not fall within the statutory

three month window. Additionally, Castro's trademark claim alleges no exceptional circumstances to support an entitlement to attorney fees.[1] Calicraft argues the attorney fee "claim" is therefore subject to a dismissal under Rule 12(b)(6). Procedurally, a motion to strike the prayer for fees would have been more appropriate, but no prejudice arises from the labeling of the motion. Accordingly, the prayer for attorney fees will be stricken.

## V. CONCLUSION

The motion to dismiss Castro's copyright and trademark claims is denied. The prayer for attorney fees is stricken. Calicraft shall file an answer to the complaint within 20 days from the date of this order.

**IT IS SO ORDERED**.

Dated: November 24, 2015

_____
RICHARD SEEBORG
United States District Judge

---

[1] Castro effectively concedes these points by failing to address Calicraft's argument in his opposition.